THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GILBERT SETO, Appellant.— The defendant, in an information, was charged with endangering the morals of a child by incidents that occurred on April 9, 1938. The complaining witness was a girl eleven years of age. After a purely formal examination as to her qualifications as a witness she was permitted to be sworn and testified, with her attention directed to that date. She proceeded to tell her story in full detail, but on cross-examination it soon developed that she was testifying as to incidents alleged to have occurred on May twenty-second. Then her attention was again called to the earlier date and she told an entirely different story as to something that occurred in an automobile while her brother and sister of about her own age were seated on the back seat. Then again she was permitted to testify as to the occurrence of May twenty-second in full detail over the objection of defendant's counsel. On that occasion it appeared that two policemen came in a car and took the defendant and the complaining witness to the station house. At that time two of her brothers and a sister were present in the automobile. The testimony of the police and of the complaining witness differed as to the position of the parties at the time of the arrest. Three police officers testified as to admissions and confessions of the defendant made at the police station which, if believed, furnish some slight corroboration as to what occurred on April ninth. There is little doubt that if any admissions were obtained they were as a result of administering the " third degree." Otherwise, the testimony of the complaining witness was uncorroborated. There was testimony by the defendant and another witness that no such incident happened on April ninth. There was also testimony as to the good character of the defendant. On this very conflicting, contradictory and incompetent evidence the defendant was immediately convicted and later sentenced to the New York City Penitentiary. Very properly a certificate of reasonable doubt was granted in this case. It is doubtful that any conviction could stand on such evidence. However, in view of the seriousness of the charge, there should be a new trial before another court. (See *People* v. *Cohen*, 243 App. Div. 245.) The alleged occurrence of May twenty-second may be the subject of a new information. Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], reversed on the law and the facts and a new trial ordered in the Court of Special Sessions, on the ground that incompetent evidence was admitted and that the conviction of defendant

was against the evidence. Lazansky, P. J., Davis, Johnston and Close, JJ., concur; Carswell, J., dissents and votes to affirm under section 542 of the Code of Criminal Procedure.